CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 26 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

TANNER HIRSCHFELD; )
NATALIA MARSHALL, )
                                      )
        Plaintiffs, )
                                      )
v.                                     )     Case No. 3:18CV00103
                                      )
THE BUREAU OF ALCOHOL, )
TOBACCO, FIREARMS, AND )
EXPLOSIVES; THOMAS E. BRANDON,)
in his official capacity as the Deputy and )
Acting Director of the Bureau of Alcohol, )
Tobacco, Firearms, and Explosives; )
JEFFERSON SESSIONS, in his official )
capacity as Attorney General of the )
United States, )
        Defendants.

**COMPLAINT
FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**COME NOW** the Plaintiffs, Mr. Tanner Hirschfeld and Ms. Natalia Marshall, by and through undersigned counsel, and seek a declaratory judgment and injunctive relief and in support, Plaintiffs complain of the Defendants as follows:

**INTRODUCTION**

1. This is an action to vindicate the fundamental right to keep and bear arms, which is fully applicable to all law-abiding adults and includes the right to acquire such arms and the necessary ammunition for such arms.

2. The Second Amendment "guarantee[s] the individual right to possess and carry" handguns, and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

3. The United States prohibits a certain class of law-abiding, responsible adult citizens from fully exercising the right to keep and bear arms—namely, adults who have reached the age of eighteen but are not yet twenty-one years old. The federal government bans such persons from purchasing any firearm other than a rifle or shotgun from federally licensed firearms dealers. Therefore, this ban prevents the sale of handguns and handgun ammunition to such persons.

4. At eighteen years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights. At eighteen, citizens are eligible to serve in the military—to fight and die by arms for the country. Male citizens in this age-group are designated members of the militia by federal statute, 10 U.S.C. § 311(a), and may be conscripted to bear arms on behalf of their country, 50 U.S.C. §§ 453(a), 454(a). Yet, 18 U.S.C. 922(b)(1) of the federal criminal code prohibits law-abiding adults in this age group from lawfully purchasing—from the most prevalent and readily available source—what the Supreme Court has called "the quintessential self-defense weapon" and "the most popular weapon chosen by Americans for self-defense in the home." *Heller*, 554 U.S. at 629.

5. This blanket ban violates the fundamental rights of millions of responsible, law-abiding American citizens and is thus invalid under the Second and Fifth Amendments.

**PARTIES**

6. Mr. Tanner Hirschfeld is a resident of Albemarle County, Virginia and a

citizen of the United States.

7. Ms. Natalia Marshall is a resident of Albemarle County, Virginia and a citizen of the United States.

8. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE"), is an arm of the Department of Justice responsible for the investigation and prevention of federal offenses involving the use, manufacture, and possession of firearms. The BATFE also regulates, via licensing, the sale, possession, and transportation of firearms and ammunition in interstate commerce. The BATFE is authorized to implement the federal law challenged in this case.

9. Defendant Thomas Brandon is the Acting Director of the BATFE.

10. Defendant Attorney General Jefferson Sessions heads the United States Department of Justice, which is the agency of the United States government responsible for enforcement of federal criminal laws. He has ultimate authority for supervising all of the operations and functions of the Department of Justice.

11. Defendants BATFE, Brandon, and Sessions are hereinafter referred to as the "federal Defendants."

## JURISDICTION AND VENUE

12. This action seeks relief pursuant to 28 U.S.C §§ 2201, 2202 and 28 U.S.C. § 2412. Therefore, jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States.

13. The federal defendants, including the Bureau of Alcohol, Tobacco, Firearms, and Explosives, are amenable to suit for relief other than money

damages pursuant to 5 U.S.C. § 702.

14. The Court has authority to award costs and attorney's fees under 28 U.S.C. § 2412.

15. Venue is proper in this district under 28 U.S.C. § 1391(e).

## THE LAWS AT ISSUE

16. The Gun Control Act of 1968 states that it was passed for the "purpose of ... provid[ing] support to Federal, State, and local law enforcement officials in their fight against crime and violence" and "not [for] the purpose of ... plac[ing] any undue or unnecessary Federal restrictions or burdens on law-abiding citizens with respect to the acquisition, possession, or use of firearms appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any other lawful activity." Pub. L. No. 90-618, § 101, 82 Stat. 1213, 1213–14 (1968). Congress declared that that Gun Control Act was not meant "to discourage or eliminate the private ownership or use of firearms by law-abiding citizens for lawful purposes." *Id.*

17. The Gun Control Act does unduly burden, discourage, and eliminate the private acquisition and ownership of firearms for lawful purposes by certain law-abiding citizens. Title 18, Section 922(b)(1) of the United States Code provides: "It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver ... any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or

ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age." 18 U.S.C. § 922(b)(1). Title 18, Section 922(c) states that "a licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a person who does not appear in person at the licensee's business premises ... only if" the person signs a sworn statement attesting "that, in the case of any firearm other than a shotgun or a rifle, I am twenty-one years or more of age." 18 U.S.C. § 922(c).

18. Likewise, a Department of Justice regulation, 27 C.F.R. § 478.99(b)(1), provides: "A licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall not sell or deliver (1) any firearm or ammunition..., if the firearm, or ammunition, is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the importer, manufacturer, dealer, or collector knows or has reasonable cause to believe is less than 21 years of age." Other regulations require that licensees obtain a signed copy of Form 4473 before transferring a handgun to a purchaser. See 27 C.F.R. §§ 478.124(a), 478.96(b). Form 4473 states that the information provided therein "will be used to determine whether [the transferee is] prohibited under law from receiving a firearm" and instructs licensees that it is "unlawful for a licensee to sell any firearm other than a shotgun or rifle to any person under the age of 21."

19. Title 18, Section 922(a)(1)(A) requires any person who "engage[s] in the business of importing, manufacturing, or dealing in firearms" to obtain a

federal firearms license ("FFL"). A firearms "dealer," in turn, is any person who, inter alia, "engage[s] in the business of selling firearms at wholesale or retail," including pawnbrokers. 18 U.S.C. § 921(a)(11)(A), (C). A person "engage[s] in the business" of selling firearms—and thus must obtain an FFL—if he "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms." 18 U.S.C. § 921(a)(21)(C).

20. Under 18 U.S.C. § 922(a)(5), it is illegal "for any person [other than a licensed dealer] to transfer, sell, trade, give, transport, or deliver any firearm to any person ... who the transferor knows or has reasonable cause to believe does not reside in ... the State in which the transferor resides."

21. The combined effect of these provisions is a significant, unequal, and impermissible burden on the right to keep and bear arms of a class of millions of law-abiding eighteen-to-twenty year-old adult citizens. Section 922(b)(1) flatly bans the sale of handguns and handgun ammunition by any person who engages in the regular business of selling guns to anyone eighteen to twenty years of age. These law-abiding adults are thus relegated to the irregular secondary market for face-to-face intrastate sales of used handguns. And because Section 922(a)(5) bars interstate face-to-face sales, these law-abiding adults cannot even access larger used-gun markets that the Internet and other mediums might otherwise provide.

22. The Second Amendment secures the right to purchase handguns and

handgun ammunition for self-defense and other lawful purposes and these protections extend in full to law-abiding adults aged eighteen or older.

23. The Fifth Amendment secures the right to equal protection of the laws as guaranteed under the Due Process Clause.

### THE IMPACT OF THE BAN ON THE PLAINTIFFS

24. Mr. Hirschfeld is a twenty-year-old undergraduate student of the University of Virginia and resident of Albemarle County, Virginia. He is registered for the United States Selective Service and has never been charged or convicted of any crime that would otherwise eliminate his right to purchase or possess a firearm.

25. On October 17, 2018, Mr. Hirschfeld attempted to purchase a Ruger LCR 357 magnum revolver and ammunition from Tobey's Pawn Shop, an FFL located in Albemarle County, Virginia, but he was denied the purchase due to his age.

26. On October 17, 2018, the manager of Tobey's Pawn Shop stated to Mr. Hirschfeld that if it were not for the laws at issue, he would sell the firearm and ammunition to him.

27. Mr. Hirschfeld desires to purchase a handgun for the primary purpose of self-defense but also for other uses, including sport shooting. Due to the practical reality of the commercial firearm and ammunition market, the current laws unduly limit Mr. Hirschfeld's access to acquiring a handgun and relegate him to an unregulated and limited private market. He wants to purchase a handgun from an FFL for several reasons, to include the larger supply of choices, the reputation of these regulated dealers, and the ability

to purchase a new firearm with a guarantee that it has not been used or tampered with. He has not purchased a handgun to date because federal law prohibits an FFL from selling a handgun and ammunition to him on account of his age.

28. Through instruction and personal study, Mr. Hirschfeld is acquainted with the proper and safe handling, use, and storage of firearms and ammunition.

29. Mr. Hirschfeld is unable to purchase a handgun from an FFL solely because of the federal ban on such purchases by adults between the ages of eighteen and twenty. But for the federal statute banning his purchase of a handgun and handgun ammunition from a federally licensed dealer, he would purchase a handgun and handgun ammunition from a federally licensed dealer, he would be able to lawfully carry the firearm openly, and he would be able to store the firearm at his residence.

30. Ms. Natalia Marshall is an eighteen-year old resident of Albemarle County, Virginia.

31. Ms. Marshall is well-versed in firearms training, having been raised and participated in a family that routinely hunts with rifles and shotguns.

32. Ms. Marshall is currently employed as an equestrian assistant trainer and frequently works in remote, rural conditions where she finds herself alone and interacting with unfamiliar adult males.

33. A protective order also remains in-place against Ms. Marshall's former boyfriend and orders him to refrain from having contact with Ms. Marshall, visiting her residence, or being in her presence generally due to

a history of abuse. Since that protective order was issued, the subject of the order was stopped for a traffic violation by local police and found to be in the unlawful possession of a firearm and controlled substances. He was subsequently released on bail and failed to appear for court, which lead to a capias for his arrest.

34. Ms. Marshall wishes to obtain a handgun and handgun ammunition for the primary purpose of self-defense for several reasons and she believes a handgun is the most suitable firearm for this purpose due to the ease of open-carry and ease of training and use if necessary. She also wants a handgun because of its size, weight, and portability and cannot use rifles or shotguns in such a manner.

35. Ms. Marshall wants to purchase a handgun from an FFL for several reasons, to include the larger supply of choices, the reputation of these regulated dealers, and the ability to purchase a new firearm with a guarantee that it has not been used or tampered with.

36. On October 25, 2018, Ms. Marshall attempted to purchase a Ruger American Pistol and ammunition from Dick's Sporting Goods, an FFL in Charlottesville, Virginia, but she was denied the purchase due to her age.

37. If she was not barred by the laws at issue, Ms. Marshall would be permitted to purchase a handgun and handgun ammunition from a federally licensed firearms dealer and would do so.

### COUNT I (SECOND AMENDMENT)

38. The preceding paragraphs are incorporated herein.

39. Title 18, Sections 922(b)(1) and 922(c) of the United States Code and

Title 27, Sections 478.99(b)(1), 478.124(a), 478.96(b) of the Code of Federal Regulations ban federally licensed firearms dealers from selling handguns and handgun ammunition to law-abiding adults aged eighteen to twenty.

40. These laws infringe upon, and impose an impermissible burden upon the Plaintiffs' right to keep and bear arms under the Second Amendment of the United States Constitution.

### COUNT II (DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT)

41. The preceding paragraphs are incorporated herein.

42. Title 18, Sections 922(b)(1) and 922(c) of the United States Code and Title 27, Sections 478.99(b)(1), 478.124(a), 478.96(b) of the Code of Federal Regulations ban federally licensed firearms dealers from selling handguns and handgun ammunition to law-abiding adults aged eighteen to twenty years old, but do not ban the sale of the same handguns and handgun ammunition to law-abiding adults over the age of twenty.

43. These laws violate the Plaintiffs' right to equal protection of the laws guaranteed under the Due Process Clause of the Fifth Amendment to the United States Constitution.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants as follows:

A. Declare that 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), violate the right to keep and bear arms as secured by the Second Amendment to the United States

Constitution;

B. Declare that 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), violate the Due Process Clause of the Fifth Amendment to the United States Constitution by denying equal protection of the laws to qualified adults between eighteen and twenty years of age;

C. Permanently enjoin the Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), and provide such further declaratory relief as is consistent with the injunction;

D. Award costs and attorneys fees and expenses to the extent permitted under 28 U.S.C. § 2412; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Elliott M. Harding

Elliott M. Harding, Esq.
VSB# 90442
*Counsel for the Plaintiffs*
HARDING COUNSEL, PLLC
608 Elizabeth Ave.,
Charlottesville, VA 22901
Tel: 434-962-8465
E: HardingCounsel@gmail.com