IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| TANNER HIRSCHFELD; ) | |
| NATALIA MARSHALL, ) | |
| ) | |
| Plaintiffs-Appellants, ) | |
| v. ) | Case No. 3:18-cv-00103-GEC |
| ) | |
| BUREAU OF ALCOHOL, ) | |
| TOBACCO, FIREARMS ) | |
| AND EXPLOSIVES, ET AL., ) | |
| | |
| Defendants-Appellees. | |

**BRIEF IN SUPPORT OF PLAINTIFFS' AND PROPOSED PLAINTIFF'S MOTION TO ADD COREY FRASER AND BATTLEFIELD FIREARMS AS PLAINTIFFS OR, IN THE ALTERNATIVE, GRANT THEIR INTERVENTION**

COME NOW, Mr. Tanner Hirschfeld and Ms. Natalia Marshall, by and through counsel, together with prospective Plaintiffs Corey Fraser and Battlefield Firearms, trade name of QMF.Wyatt, LLC (collectively, "Movants") and bring this motion to ensure that this case presents a live controversy after the existing individual plaintiffs have turned twenty-one. Plaintiffs and prospective Plaintiffs bring Second Amendment and Equal Protection challenges to the federal ban on handgun sales to law-abiding, 18-to-21-year-old adults.

On October 4, 2019, this Court granted the Government's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and denied Plaintiffs' Motion for Summary Judgment. The Plaintiffs appealed and, on July 15, 2021, a panel of the Fourth Circuit reversed this Court's decision.

When this suit was initiated in 2018, the two individual plaintiffs, Mr. Hirschfeld and Ms. Marshall, were between the ages of eighteen and twenty-one. Today, only Ms. Marshall is under twenty-one years old, and she will turn twenty-one on July 25, 2021. In an abundance of caution to ensure that these controversies and this case do not become moot during any potential proceedings before the Fourth Circuit or the Supreme Court of the United States, Movants request

that this Court add Mr. Corey Fraser and Battlefield Firearms as plaintiffs pursuant to Rule 21 of the Federal Rules of Civil Procedure or, in the alternative, allow Mr. Fraser and Battlefield Firearms to intervene as plaintiffs pursuant to Rule 24.

Mr. Fraser is a law-abiding, nineteen-year-old American citizen who is otherwise qualified to purchase a handgun and handgun ammunition from a federally licensed firearm dealer, but for his age. Battlefield is a federally licensed firearm dealer located in Virginia and it desires to be able to sell handguns and handgun ammunition to otherwise qualified adults over the ages of eighteen and the laws being challenged here prohibit it from doing so. Adding Mr. Fraser and Battlefield as parties will not complicate the case or prejudice the Government in any way.

## ARGUMENT

**I.  THIS COURT SHOULD ADD FRASER AND BATTLEFIELD AS PLAINTIFFS UNDER RULE 21 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, this Court has broad discretion to "at any time, on just terms, add . . . a party." FED. R. CIV. P. 21. Here, this Court should exercise its discretion to add Mr. Fraser and Battlefield to guard against the possibility of this case becoming moot. The Supreme Court's decision in *Mullaney v. Anderson*, 342 U.S. 415 (1952), supports Movants' request. In *Mullaney*, the Court invoked Rule 21 to permit the addition of two parties as plaintiffs to cure a perceived lack of standing.  The Alaska Fishermen's Union brought suit on behalf of its non-resident members to challenge a license fee the state of Alaska imposed on non-resident fishermen. Before the Supreme Court, the defendant challenged the Union's standing to maintain the suit. Invoking Rule 21, the Supreme Court granted leave to add as plaintiffs two of the non-resident members to "remove the matter from controversy." *Mullaney*, 342 U.S. at 416–17. Doing so, the Court reasoned, could "in no wise embarrass the defendant," "[n]or would

their earlier joinder have in any way affected the course of the litigation." *Id.* at 417. "To dismiss the present petition and require the new plaintiffs to start over in the District Court would entail needless waste and [would] run[] counter to effective judicial administration . . . ." *Id*. Following *Mullaney*, this Court should add Mr. Fraser and Battlefield as plaintiffs here. Adding Mr. Fraser and Battlefield as plaintiffs will "remove [this] matter from controversy" and secure Article III jurisdiction over this case even after the all of the current Plaintiffs have turned twenty-one. *Mullaney*, 342 U.S. at 416.

Furthermore, adding Mr. Fraser and Battlefield can "in no wise embarrass the" Government. *Id*. at 417. Indeed, their presence will not make a difference to the substance of the litigation, as they raise the same claims and seek the same relief as the current Plaintiffs. *See Cali. Credit Union League v. City of Anaheim*, 190 F.3d 997, 999 (9th Cir. 1999) ("[A] party may join a lawsuit on appeal under Rule 21 when the party seeking joinder requests the same remedy as the original party and offers the same reasons for that remedy . . . ."). This conclusion is confirmed by the fact that the Government took no discovery of any of the Plaintiffs.

Finally, Mr. Fraser and Battlefield's "earlier joinder [would not] have in any way affected the course of the litigation." *Mullaney*, 342 U.S. at 417. Additionally, Mr. Fraser did not turn eighteen until this case was already in the court of appeals, and the appeal would not have been affected by the presence of Mr. Fraser as a party. In short, adding Mr. Fraser and Battlefield as plaintiffs will not complicate this case or prejudice the Government in any way, it will mitigate the risk of this case becoming moot, and it will save the parties and the court system of the "needless waste" that would be entailed by requiring Mr. Fraser and Battlefield to "start over in the District Court." *Mullaney*, 342 U.S. at 417; *see also Newman- Green, Inc. v. Alfonzo-Larrain*,

490 U.S. 826, 837-38 (1989); *Cali. Credit Union League*, 190 F.3d at 1001. Mr. Fraser and Battlefield should be added as plaintiffs under Rule 21.

II. **MR. FRASER AND BATTLEFIELD SATISFY THE REQUIREMENTS FOR INTERVENTION UNDER RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Intervention under Rule 24 of the Federal Rules of Civil Procedure provides an additional, independent ground for adding Mr. Fraser and Battlefield as plaintiffs. A party has the right to intervene in a case if:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which [it] seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect [its] interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

**A. The Motion Is Timely.**

Four factors are to be considered in evaluating the timeliness of a motion to intervene: (1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances.

First, Mr. Fraser has acted promptly in seeking to be added to this case. The timeliness clock does not start running until the proposed intervenor becomes aware that its interests would no longer be protected by the original parties. Here, the current Plaintiffs will fully protect Mr. Fraser's interests until Ms. Marshall turns twenty-one, however it is now apparent that Plaintiffs will not be able to succeed before that happens. Mr. Fraser and Battlefield have acted with dispatch to attempt to ensure that Ms. Marshall's twenty-first birthday does not threaten to moot this case

before the Fourth Circuit accepts a rehearing *en banc* or the Supreme Court has a chance to consider a petition for certiorari.

Second, the most important consideration in determining timeliness—whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene—weighs strongly in favor of Mr. Fraser and Battlefield. The relevant question is not whether intervention will prejudice any party—which it will not here—but rather whether any delay by the proposed intervenor has harmed the parties. Any delay by Mr. Fraser and Battlefield has been minimal, and it certainly has not prejudiced the parties. The Government never raised mootness before the District Court or the Fourth Circuit, whether on brief or in oral argument. Mr. Fraser and Battlefield's intervention as plaintiffs will in no way affect the merits of this case, and the effect on the parties of their moving to intervene now is no different than if she had done so on her eighteenth birthday.

Third, if this Court were to deny intervention, Mr. Fraser and Battlefield would be significantly prejudiced. Mr. Fraser would be forced to start over with his own duplicative suit— a suit that would be doomed from the start within the Fourth Circuit by virtue of any decision to vacate the Court's ruling in this case due to mootness. And it is certainly far less likely that before turning twenty-one Mr. Fraser could litigate such a suit to the Fourth Circuit and the Supreme Court than it is that she could litigate this case to its conclusion before reaching that age.

Fourth, and relatedly, the scope of the sales ban presents an unusual circumstance that should favorably influence the timeliness analysis. There is no guarantee that a case filed on an individual's eighteenth birthday will conclude before he or she turns twenty-one. Indeed, this action was filed just a few months shy of three years ago, and it has yet to reach final resolution.

Thus, in the absence of any prejudice to the Government, the equities clearly favor intervention. For all these reasons, Mr. Fraser and Battlefield's motion to intervene is timely.

**B. Mr. Fraser and Battlefield Share Plaintiffs' Interest in Challenging the Sales Ban.**

The second factor that this Court considers in evaluating a motion to intervene is the relationship between the legal interest advanced by the current and prospective plaintiffs. Given that Mr. Fraser and Battlefield are represented by the same counsel and intend to press the same claims and seek the same relief as the current Plaintiffs, *see* Proposed Complaint in Intervention, this factor strongly favors intervention.

**C. Denying Intervention Would Impede Mr. Fraser's Interest in Vindicating His Constitutional Rights.**

If Mr. Fraser and Battlefield are excluded from this case his ability to challenge the sales ban will be jeopardized. Furthermore, if Mr. Fraser and Battlefield are correct, as the Fourth Circuit has held, that sales ban is unconstitutional, "its very existence stands as a fixed harm" to him and "to every [other 18-to- 20-year-old's] Second Amendment right[s]." *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011). Indeed, when a law infringes Second Amendment rights, "irreparable harm is presumed." *Id.* Because adding Mr. Fraser and Battlefield as plaintiffs will not prejudice the Government in any way, there is no justification for extending the time required for Mr. Fraser to obtain a final ruling on his challenge to the sales ban by requiring him to start over in district court instead of permitting him to join this suit that has already progressed through the district court and the court of appeals.

**D. The Existing Plaintiffs Do Not Adequately Represent Mr. Fraser or Battlefield's Interests.**

"[A] potential intervenor need only show that representation by the existing parties *may* be inadequate," and the burden imposed by this requirement is "minimal." *Ross v. Marshall*, 426

F.3d 745, 762 (5th Cir. 2005) (quotation marks omitted). Mr. Fraser easily meets this modest test. The Fourth Circuit has already ruled that Mr. Hirschfeld's claims are moot, and, by parity of reasoning, *arguendo*, Ms. Marshall's will be moot when she turns twenty-one.

**E. Permissive Intervention.**

For the foregoing reasons, Mr. Fraser and Battlefield are entitled to intervene as of right. Even if that were not the case, however, this Court should exercise its discretion to grant permissive intervention. Permissive intervention is appropriate when "the applicant's claim . . . and the main action have a question of law or fact in common," *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006) (quotation marks omitted), and when considering permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," FED. R. CIV. P. 24(b)(3). These requirements are easily satisfied here: Mr. Fraser and Battlefield's claims are identical to the claims asserted by the existing Plaintiffs, and permitting them to intervene would not cause undue (or, in fact, any) delay or prejudice. Intervention should generally be allowed where no one would be hurt and greater justice could be attained. Thus, if this Court does not add Fraser and Battlefield as plaintiffs under Rule 21, it should do so by granting their request to intervene.

## CONCLUSION

Movants respectfully request that this Court add Mr. Fraser and Battlefield as plaintiffs pursuant to Rule 21 or allow them to intervene as plaintiffs pursuant to Rule 24.

    Respectfully submitted,
    _____/s_____
    Elliott M. Harding, Esq. VSB# 90442
    *Counsel for the Appellants*
    Harding Counsel, PLLC
    608 Elizabeth Ave.,
    Charlottesville, VA 22901

P: 434-962-8465
E: Elliott@HardingCounsel.com