IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| TANNER HIRSCHFELD; <br> NATALIA MARSHALL, <br>     Plaintiffs-Appellants, <br> v. <br> BUREAU OF ALCOHOL, <br> TOBACCO, FIREARMS <br> AND EXPLOSIVES, ET AL., <br>     Defendants-Appellees | Case No. 3:18-cv-00103-GEC |

### [PROPOSED] COMPLAINT IN INTERVENTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

**COME NOW** the Plaintiffs, Mr. John Corey Fraser (hereinafter "Corey Fraser") and Battlefield Firearms (trade name of QMF.Wyatt, LLC, hereinafter "Battlefield") by and through counsel, and complain of the Defendants as follows:

### INTRODUCTION

1. This is an action to vindicate the fundamental right to keep and bear arms, which is fully applicable to all law-abiding adults and includes the right to acquire such arms.

2. The Second Amendment "guarantee[s] the individual right to possess and carry" handguns, and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

3. The United States, however, prohibits a certain class of law-abiding, responsible citizens from fully exercising the right to keep and bear arms—namely, adults who have reached the age of eighteen but are not yet twenty-one. The federal government bans such persons from purchasing handguns from federally-licensed firearms dealers.

4. At eighteen years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights. At eighteen, citizens are eligible to serve in the military—to fight and die by arms for the country. Indeed, male citizens in this age-group are designated members of the militia by federal statute, 10 U.S.C. § 311(a), and may be conscripted to bear arms on behalf of their country, 50 U.S.C. §§ 453(a), 454(a). Yet, Section 922(b)(1) of the federal criminal code prohibits law-abiding adults in this age group from lawfully purchasing—from the most prevalent and readily available source—what the Supreme Court has called "the quintessential self-defense weapon" and "the most popular weapon chosen by Americans for self-defense in the home." *Heller*, 554 U.S. at 629.

5. This blanket ban violates the fundamental rights of millions of responsible, law- abiding American citizens and is thus invalid under the Second and Fifth Amendments.

## PARTIES

6. Mr. Corey Fraser is a resident of Palmyra, Virginia in Fluvanna County and is a citizen of the United States.

7. Battlefield Firearms is the business name of QMF.Wyatt, LLC, a Virginia-based limited liability company that is a federally licensed firearm dealer and principally located at 5483 Germanna Hwy, Locust Grove, VA 22508, United States.

8. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE") is an arm of the Department of Justice responsible for the investigation and prevention of federal offenses involving the use, manufacture, and possession of firearms. The BATFE also regulates, via licensing, the sale, possession, and transportation of firearms and ammunition in interstate commerce. The BATFE is authorized to implement the federal law challenged in this case.

9. Defendant Marvin Richardson is the Acting Director of the BATFE.

10. Defendant Attorney General Merrick Garland heads the United States Department of Justice, which is the agency of the United States government responsible for enforcement of federal criminal laws. He has ultimate authority for supervising all of the operations and functions of the Department of Justice.

11. Defendants BATFE, Richardson, and Garland are hereinafter referred to as the "federal Defendants," "Defendants," or "the Government."

## JURISDICTION AND VENUE

12. This action seeks relief pursuant to 28 U.S.C §§ 2201 and 2202, 28 U.S.C. § 2412. Therefore, jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States.

13. The federal Defendants, including BATFE, are amenable to suit for relief other than money damages pursuant to 5 U.S.C. § 702.

14. The Court has authority to award costs and attorneys' fees under 28 U.S.C. § 2412.

15. Venue is proper in this district under 28 U.S.C. § 1391(e).

## THE LAWS AT ISSUE

16. The Gun Control Act of 1968 states that it was passed for the "purpose of . . . provid[ing] support to Federal, State, and local law enforcement officials in their fight against crime and violence" and "not [for] the purpose of . . . plac[ing] any undue or unnecessary Federal restrictions or burdens on law-abiding citizens with respect to the acquisition, possession, or use of firearms appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any other lawful activity." Pub. L. No. 90-618, § 101, 82 Stat. 1213, 1213-14 (1968). Indeed, Congress declared that that Gun Control Act was not meant "to

discourage or eliminate the private ownership or use of firearms by law-abiding citizens for lawful purposes." *Id.*

17. The Gun Control Act, however, does significantly discourage and eliminate the private acquisition and ownership of firearms for lawful purposes by certain law-abiding citizens. Title 18, Section 922(b)(1) of the United States Code provides: "It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver . . . any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age." And 18 U.S.C. § 922(c) states that "a licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a person who does not appear in person at the licensee's business premises . . . only if" the person signs a sworn statement attesting "that, in the case of any firearm other than a shotgun or a rifle, I am twenty-one years or more of age."

18. Likewise, a Department of Justice regulation, 27 C.F.R. § 478.99(b)(1), provides: "A licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall not sell or deliver (1) any firearm or ammunition . . . , if the firearm, or ammunition, is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the importer, manufacturer, dealer, or collector knows or has reasonable cause to believe is less than 21 years of age." Other regulations require that licensees obtain a signed copy of Form 4473 before transferring a handgun to a purchaser. *See* 27 C.F.R. §§ 478.124(a), 478.96(b). Form 4473 states that the information provided therein "will be used to

determine whether [the transferee is] prohibited under law from receiving a firearm" and instructs licensees that it is "unlawful for a licensee to sell any firearm other than a shotgun or rifle to any person under the age of 21."

19. Title 18, Section 922(a)(1)(A) requires any person who "engage[s] in the business of importing, manufacturing, or dealing in firearms" to obtain a federal firearms license ("FFL"). A firearms "dealer," in turn, is any person who, inter alia, "engage[s] in the business of selling firearms at wholesale or retail," including pawnbrokers. 18 U.S.C. § 921(a)(11)(A), (C). A person "engage[s] in the business" of selling firearms—and thus must obtain an FFL—if he "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms." *Id.* § 921(a)(21)(C).

20. Under 18 U.S.C. § 922(a)(5), it is illegal "for any person [other than a licensed dealer] to transfer, sell, trade, give, transport, or deliver any firearm to any person . . . who the transferor knows or has reasonable cause to believe does not reside in . . . the State in which the transferor resides."

21. The combined effect of these provisions is a significant, unequal, and impermissible burden on the right to keep and bear arms of a class of millions of law-abiding 18-to-20 year-old adult citizens. Section 922(b)(1) flatly bans the sale of handguns and handgun ammunition by any person who engages in the regular business of selling guns to anyone eighteen to twenty years of age. These law-abiding adults are thus relegated to the irregular secondary market for face-to-face intrastate sales of used handguns. And because Section 922(a)(5) bars interstate face-to-face sales, these law-abiding adults cannot even access larger used-gun markets that the Internet and other mediums might otherwise provide.

22. The Second Amendment secures the right to purchase handguns and handgun ammunition for self-defense and other lawful purposes. And the Second Amendment's protections extend in full to law-abiding adults aged eighteen or older.

## IMPACT OF THE LAWS ON THE PLAINTIFFS

23. Plaintiff Corey Fraser is a 19-year-old resident of Palmyra, Virginia.

24. Mr. Fraser is a college student at Hampden-Sydney College in Prince Edward County, Virginia.

25. Mr. Fraser grew up frequenting the shooting range. He knows of several people who have defended their families, themselves, and their homes by the use of a firearm.

26. Mr. Fraser is a law-abiding, responsible citizen. He does not own a handgun. If it were legal, he would purchase a handgun and handgun ammunition from a federally- licensed firearms dealer. He desires to purchase and own a handgun for purposes of self- defense and for target shooting. He has not purchased a handgun to date because federal law prohibits an FFL from selling a handgun to her on account of his age.

27. Prospective Plaintiff Battlefield Firearms (hereinafter "Battlefield") is a Virginia-based limited liability company, registered as QMF.Wyatt, LLC, and managed and owned by Mr. Frank Wyatt of Orange County, Virginia.

28. Battlefield has been in operation for six years and is a federally licensed firearm dealer.

29. On July 24, 2021, current plaintiff Marshall contacted Battlefield and asked whether she may be able to purchase a handgun and handgun ammunition so that she may be able to own it as a result of the Fourth Circuit's opinion in *Hirschfeld* v. *BATFE*, __F.4th __, 2021 U.S. App. LEXIS 20705, 2021 WL 2934468 (4th Cir. July 13, 2021).

30. Battlefield declined Ms. Marshall's request, citing the laws at issue as current barriers to the sale of handguns and handgun ammunition to otherwise qualified adults between the ages of eighteen and twenty-one.

31. But for the laws at issue, Battlefield would sell handguns and handgun ammunition to interested adults between the ages of eighteen and twenty-one.

32. Battlefield has a vested interest, as a market participant and an American company with a federal license for firearm dealing, to have adult American citizens fully protected by their fundamental liberties, specifically their Second Amendment right to purchase, possess, carry, transfer, and sell, handguns and handgun ammunition.

## COUNT I – Second Amendment

33. The preceding paragraphs are incorporated herein.

34. Title 18, Sections 922(b)(1) and 922(c) of the United States Code and Title 27, Sections 478.99(b)(1), 478.124(a), 478.96(b) of the Code of Federal Regulations ban federally-licensed firearms dealers from selling handguns and handgun ammunition to law-abiding adults aged eighteen to twenty.

35. These laws infringe and impose an impermissible burden upon Mr. Fraser and Battlefield's interest in the right to keep and bear arms under the Second Amendment.

## COUNT II – Due Process Clause of the Fifth Amendment

36. The preceding paragraphs are incorporated herein.

37. Title 18, Sections 922(b)(1) and 922(c) of the United States Code and Title 27, Sections 478.99(b)(1), 478.124(a), 478.96(b) of the Code of Federal Regulations ban federally-licensed firearms dealers from selling handguns and handgun ammunition to law-abiding

adults aged eighteen to twenty but do not ban the sale of the same handguns and handgun ammunition to law-abiding adults over the age of twenty.

38. These laws violate Mr. Fraser's right to equal protection of the laws guaranteed under the Due Process Clause of the Fifth Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

A. Declare that 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), violate the right to keep and bear arms as secured by the Second Amendment to the United States Constitution.

B. Declare that 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), violate the Due Process Clause of the Fifth Amendment to the United States Constitution by denying equal protection of the laws to law- abiding, qualified adults between eighteen and twenty years of age.

C. Permanently enjoin the federal Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), and provide such further declaratory relief as is consistent with the injunction.

D. Award costs and attorney's fees and expenses to the extent permitted under 42 U.S.C. § 1988 and 28 U.S.C. § 2412.

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                                                                 _____/s_____  
                                         Elliott M. Harding, Esq. VSB# 90442  
                                         *Counsel for the Plaintiff-Appellants*  
                                         Harding Counsel, PLLC  
                                         608 Elizabeth Ave.,  
                                         Charlottesville, VA 22901  
                                         P: 434-962-8465  
                                         E: Elliott@HardingCounsel.com