# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TANNER HIRSCHFELD and NATALIA MARSHALL,<br><br>　　　　　　　　*Plaintiffs*,<br><br>　　　v.<br><br>THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.,<br><br>　　　　　　　　*Defendants.* | CASE NO. 3:18-cv-00103<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

In this case currently on appeal to the United States Court of Appeals for the Fourth Circuit, Plaintiffs' counsel has filed between July 24 and 26, 2021, a motion to intervene and accompanying documents in this Court seeking to add two parties (Corey Fraser and Battlefield Firearms), as Plaintiff-Appellants in this action, and filing a proposed amended complaint. See Dkts. 59–63.* However, the Fourth Circuit has held "that an effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion." Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014); see also id. ("We see no reason why an intervention motion should be excepted from the general rule depriving the district court of authority to rule on matters once the case is before the court of appeals.").

The Fourth Circuit has not yet issued the mandate transferring jurisdiction over this case back to the district court. See DeBuit v. Harwell Enters., Inc., 540 F.2d 690, 693 (4th Cir. 1976) ("The filing of a timely and sufficient notice of appeal has the effect of immediately transferring

---

*On July 27, 2021, this action was transferred to the undersigned due to the death of Senior Judge Glen E. Conrad, who previously presided over this case. Dkt. 64.

jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal or to correct clerical mistakes … until the district court receives the mandate of the court of appeals."); Wright & Miller, 16AA Fed. Prac. & Proc. Juris. § 3987 (5th ed. Jun. 1, 2021 update) (similar); Plaintiffs' counsel has cited precedent involving requests to add parties that were directed to the Supreme Court or a court of appeals while those cases were on appeal, which are distinguishable. Mullaney v. Anderson, 342 U.S. 415, 416–17 (1952); Cal. Credit Union League v. City of Anaheim, 190 F.3d 997, 999 (9th Cir. 1999).

Accordingly, the Court will **DENY** the motion to intervene as this Court lacks jurisdiction to rule upon the motion. Dkt. 59.

It is so **ORDERED**.

The Clerk of Court is directed to send this order to all counsel of record. The Clerk of Court is further directed to send this order and Dkts. 59–64 to the Clerk of the United States Court of Appeals for the Fourth Circuit.

ENTERED this __28th__ day of July, 2021.

_____<br>
NORMAN K. MOON<br>
SENIOR UNITED STATES DISTRICT JUDGE